IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY RANDOLPH,

                Plaintiff,

v.

WELLPATH CORPORATE,

                Defendant.

OPINION and ORDER

22-cv-732-wmc[1]

Pro se plaintiff Timothy Randolph is incarcerated at Dodge Correctional Facility. He alleges that Dane County Jail staff ignored his arm injury for three weeks while he was incarcerated there. Randolph seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Randolph's complaint must be dismissed, but I will give him a short time to file an amended complaint that fixes the problems I identify in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

Randolph was an inmate at the Dane County Jail on July 1, 2020. That evening, he refused Deputy Coyne's order to lock down and was taken to segregation. While being moved to another cell, Sergeant Schroeder, Coyne, and several other deputies pushed Randolph into a steel door and "popped his elbow out of place." Dkt. 1 at 2. Randolph was placed in a restraint chair while in excruciating pain for two hours. Randolph asked for medical treatment but was ignored for three weeks while Coyne and other deputies "made fun about the situation" by constantly asking Randolph about his arm. *Id.* at 3. Randolph's arm did not heal properly because of the delay, and he now has "nerve problems." *Id.* Randolph says that "this all happened because Sergeant Schroeder didn't like [him] due to previous incidents." *Id.*

Randolph is seeking damages "for nurses and staff ignoring him and refusing him medical attention for three weeks" while he was in serious pain. *Id.* He also wants jail staff "to treat the inmates better," and for the jail to hire more attentive employees. *Id.* at 4.

ANALYSIS

Randolph names Wellpath Corporate in the caption of his complaint and indicates that he is suing under federal law for a three-week denial of medical care. The Eighth Amendment prohibits jail officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To prevail on an Eighth Amendment medical care claim, a prisoner must prove that he suffered from an objectively serious medical condition and that staff consciously failed to take reasonable steps to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Prolonged severe pain itself is a serious medical need, and delay in treatment may constitute conscious disregard if the delay unnecessarily prolongs the prisoner's

pain. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039–40 (7th Cir. 2012). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Randolph cannot proceed on his claims. Rule 8 requires the plaintiff to allege enough facts to support a claim under federal or state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Rule 8 also requires the plaintiff to provide fair notice to each defendant about what he or she did wrong. Although Randolph's allegations suggest that he has a serious medical need, he names only Wellpath Corporate in the caption without explaining in the complaint why he is suing that defendant. Randolph names a sergeant and a deputy in the complaint, but I cannot assume that he means to sue individuals who are not named in the caption or otherwise identified as a defendant. Randolph also generally refers to "other deputies" and "nurses and staff" without describing what actions he believes each of these individuals took to violate his rights, so I cannot infer liability under 42 U.S.C. § 1983. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003) (a defendant must have some personal involvement in the constitutional deprivation to be liable under § 1983). Randolph must name each defendant in the caption and explain in the complaint how each defendant was personally involved in violating his rights.

I will give Randolph a short time to submit an amended complaint that will replace his first complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend). He should file his new complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Randolph should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Randolph files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Randolph's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until February 1, 2023, to file an amended complaint that complies with Rule 8 as set forth above. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.

3. If plaintiff does not file an amended complaint by February 1, 2023, the clerk of court is directed to close this case.

Entered January 11, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge