IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY RANDOLPH,

                        Plaintiff,                              OPINION AND ORDER

        v.                                                          22-cv-732-wmc

DEPUTY COYNE, DEPUTY
BOYCE, DEPUTY ZHAN,
NURSE MINDY, and
NURSE MIKE,

                        Defendants.

Plaintiff Timothy Randolph, representing himself, was granted leave to proceed against the defendant deputies on Eighth Amendment excessive force claims and against the defendant deputies and nurses on Eighth Amendment inadequate medical care claims. (Dkt. #10 at 5-6.)  On March 22, 2023, over a year ago, the defendant nurses served their discovery requests on Randolph, including a request that he sign a medical authorization form.  After Randolph failed to respond to these defendants' letter about his outstanding discovery responses, they filed a motion to compel his responses.  (Dkt. #34.)  The court granted that motion in a January 25, 2024, text-only order that gave Randolph until February 15, 2024, to "provide accurate and complete responses."  (Dkt. #36.)  When Randolph responded by expressing confusion about the discovery process and court dates (dkt. #37), the court repeated its explanation of the discovery process, advised him to consult the preliminary pretrial conference order for further guidance, and allowed him a final opportunity to comply with his discovery obligations or risk dismissal of his claims against the defendant nurses (dkt. #38).  As a courtesy to Randolph, the court sent him a

second copy of the preliminary pretrial conference order and of the defendant nurses'
discovery requests.

Randolph did not comply by his new deadline, and the defendant nurses filed a
motion to dismiss the claims against them for his failure to prosecute and to participate in
discovery.  (Dkt. #39.)  The motion will be granted.  Despite multiple opportunities to
comply with his discovery obligations (*see* dkt. ##36, 38), Randolph has failed to do so
without explanation, leaving the nurse defendants without the information they need to
defend against his claims.[1]  Accordingly, the court will dismiss with prejudice Randolph's
claims against the nurse defendants and those defendants from this lawsuit under Federal
Rule of Civil Procedure 37(b)(2) for his failure to obey a discovery order.  *See* Fed. R. Civ.
P. 37(b)(2)(v) (allowing partial or complete dismissal of an action for a party's failure to
obey a discovery order).

Randolph's excessive force claims against the deputy defendants shall proceed.

ORDER

IT IS ORDERED that:  Defendants Nurse Mike and Nurse Mindy's motion to
dismiss (dkt. #39) is GRANTED.  Plaintiff's Eighth Amendment inadequate
medical care claims against these defendants are DISMISSED with prejudice and
these defendants are DISMISSED from this lawsuit.

Entered this 5th day of April, 2024.

---

[1] Randolph called the court on March 27, 2024, claiming that he would mail a "notice" stating that
he does not have access to all of the documents that the court asked him to file.  The court never
received the notice, and, in any event, did not ask Randolph to file any documents.  Rather, the
court repeatedly ordered Randolph to send his discovery responses *to* the defendant nurses, and
repeatedly explained that the discovery process is between the parties.  To the extent Randolph was
confused about a request or had difficulty obtaining documents, he needed to raise his concerns
with defense counsel.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge